UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ZOILA K. ROMERO, and
DENNY PEREZ BRACHO,

    Plaintiffs,

vs.

DOSA, LLC D/B/A CARIBBEAN SUPERMARKET, and
JOSE DOS SANTOS., individually,
MARIO PICQUADIO-HERNANDEZ, individually, and
ALVA MAYRELLIS PICQUADIO-HERNANDEZ,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs Zoila K. Romero ("Romero") and Denny Perez Bracho ("Bracho") (collectively "Plaintiffs"), by and through undersigned counsel, hereby sues Dosa, LLC d/b/a Caribbean Supermarket ("Dosa"), Jose Dos Santos. ("Dos Santos"), Mario Picquadio-Hernandez ("Mr. Picquadio-Hernandez") and Alva Mayrellis Picquadio-Hernandez ("Ms. Picquadio-Hernandez") (collectively "Defendants"), and for their complaint alleges as follows:

### Introduction

1. This is an action by Plaintiffs against their former employers for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiffs seek damages, a reasonable attorneys' fee and costs, and all other relief allowable by law.

### Jurisdiction and Venue

2. During all relevant times, Plaintiffs resided in Miami-Dade County, Florida.

3. Upon information and belief, Dos Santos resides in Miami-Dade County.

4. Upon information and belief, Mr. Picquadio-Hernandez and Ms. Picquadio-Hernandez reside in either Miami-Dade County or Broward County.

5. Dosa is a Florida limited liability company with its principal place of business in Broward County.

6. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## Parties and General Allegations

7. Dosa owns and operates a supermarket in Broward County.

8. Upon information and belief, Dosa's annual volume of sales or business exceeded $500,000 during the relevant period.

9. As part of its business, Dosa purchases goods that travel through interstate commerce. These goods were resold by Dosa.

10. Dosa obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

11. Dosa, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

12. Dosa is an employer engaged in interstate commerce and subject to the FLSA.

13. Romero was hired by Defendants in or around June 2015.

14. Romero was discharged by Defendants on or around June 2016.

PERERA LAW GROUP, P.A.
13903 NW 7th AVENUE · SUITE 330 · MIAMI LAKES, FLORIDA 33014 · PHONE (786) 485.5232 · FAX (786) 485.1519

15. During Romero's employment by Defendants, she consistently worked over 40 hours a week.

16. Bracho was hired by Defendants in or around July 2015.

17. Bracho was discharged by Defendants on or around July 2016.

18. During Bracho's employment by Defendants, he consistently worked over 40 hours a week.

19. Despite regularly working overtime hours, Defendants, in violation of the Fair Labor Standards Act (FLSA), did not compensate Plaintiffs for their overtime hours at the rate of time-and-a-half their regular rate of pay.

20. Defendants failed to keep proper time records demonstrating the hours worked by Plaintiffs.

21. Plaintiffs have retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

## COUNT I

## OVERTIME VIOLATION BY DOSA UNDER THE FAIR LABOR STANDARDS ACT

22. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

23. As part of its business, Dosa purchases goods that travel through interstate commerce. These goods were resold by Dosa.

24. Dosa obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

PERERA LAW GROUP, P.A.
13903 NW 7th AVENUE · SUITE 330 · MIAMI LAKES, FLORIDA 33014 · PHONE (786) 485.5232 · FAX (786) 485.1519

25. Dosa, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

26. Dosa is an employer engaged in interstate commerce and subject to the FLSA.

27. During their employment with Dosa, Plaintiffs consistently worked over 40 hours per week.

28. Dosa, however, did not compensate Plaintiffs for their overtime hours at the rate of time-and-a-half his regular rate of pay.

29. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

30. In addition, Dosa is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Dosa under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### OVERTIME VIOLATIONS AGAINST DOS SANTOS UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

32. During the relevant period, Dos Santos was an owner and operator of Dosa.

33. During the relevant period, Dos Santos operated the day-to-day activities of Dosa, had supervisory authority over Plaintiffs, and was partially or totally responsible for paying Plaintiffs' wages.

34. Dos Santos was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

35. During their employment with Defendants, Plaintiffs consistently worked over 40 hours per week.

36. Dos Santos, however, never compensated Plaintiffs for their overtime hours at the rate of time-and-a-half his regular rate of pay.

37. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

38. Dos Santos is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Dos Santos under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

# COUNT III

## OVERTIME VIOLATIONS AGAINST MR. PICQUADIO-HERNANDEZ UNDER THE FAIR LABOR STANDARDS ACT

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

40. During part of the relevant period, Mr. Picquadio-Hernandez owned and operated the day-to-day activities of Dosa, had supervisory authority over Plaintiffs, and was partially or totally responsible for paying Plaintiffs' wages.

41. Mr. Picquadio-Hernandez was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

42. During his employment with Defendants, Plaintiffs consistently worked over 40 hours per week.

43. Mr. Picquadio-Hernandez, however, never compensated Plaintiff for their overtime hours at the rate of time-and-a-half his regular rate of pay.

44. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

45. Mr. Picquadio-Hernandez is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Mr. Picquadio-Hernandez under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

PERERA LAW GROUP, P.A.
13903 NW 7th AVENUE · SUITE 330 · MIAMI LAKES, FLORIDA 33014 · PHONE (786) 485.5232 · FAX (786) 485.1519

f.	Award any other relief this Honorable Court deems just and proper.

## COUNT IV

## OVERTIME VIOLATIONS AGAINST MS. PICQUADIO-HERNANDEZ UNDER THE FAIR LABOR STANDARDS ACT

46.	Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

47.	During part of the relevant period, Ms. Picquadio-Hernandez operated the day-to-day activities of Dosa and was partially or totally responsible for paying Plaintiffs' wages.

48.	In fact, during parts of the relevant period, Ms. Picquadio-Hernandez personally issued payment to Plaintiffs.

49.	Ms. Picquadio-Hernandez was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

50.	During his employment with Defendants, Plaintiffs consistently worked over 40 hours per week.

51.	Ms. Picquadio-Hernandez, however, never compensated Plaintiff for their overtime hours at the rate of time-and-a-half his regular rate of pay.

52.	Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

53.	Ms. Picquadio-Hernandez is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.	Enter judgment for Plaintiff against Ms. Picquadio-Hernandez under the FLSA;

b.	Award Plaintiff actual damages for the unpaid wages;

c.	Award Plaintiff liquidated damages;

d.  Award Plaintiff his attorneys' fees and costs;

e.  Award Plaintiff all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  March 13, 2017

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pereralaw.com
PERERA LAW GROUP, P.A.
13903 NW 67th Ave, Suite 330
Miami Lakes, Florida 33014
Telephone: 786-485-5232
Fax: 786-485-1519

Counsel for Plaintiff